Per Curiam.
Whether a party should be compelled *404 to elect to proceed upon one of two causes of action stated in the complaint, rests in the discretion of the court, in a case where the court has a power to compel an election. If in this case, the plaintiff has not improperly joined two causes of action, so that the complaint is not demurrable, the merits of both may he definitely determined in this action. If the complaint be demurrable, defendant should go at once to the specific remedy pointed out by the Code ; or again, if he do not demur, the issues upon the whole of the complaint may be tried, reserving an opinion, however, as to the power of the judge at the trial to compel an election based upon the appearance then of facts which cannot now be perceived from the pleadings only.
This is not an instance of an endeavor to state the same cause of action in two forms. There are two causes of action that are not inconsistent. It is conceivable that if separate actions upon the causes were brought that there might be a recovery in each, of the whole amount claimed in this, unless there was a judgment on one cause recovered and paid, before the judgment was recovered on the other cause. It does not seem expedient to put the proceedings in shape for the possibility of such a question, unless that may be the consequence of the defendant demanding a strict legal right which is not this case. The fact, if it be a fact, that the plaintiff can recover according to the allegations of the complaint, but one sum of money under either cause of action or under both, does not and should not deprive the plaintiff of both methods of attaining his rights. If he have a right to both remedies, he cannot be forced not to use them. And the question is, whether in the plaintiff’s using both at one time, or in one proceeding, he will embarrass the defendant in his defense to either or to both, when no such consequence would follow and no embarrassment of plaintiff’s legal remedy would happen, if he were obliged to bring two actions. The only way in which the defendant could be harmed, if at all, would arise from the plaintiff endeavor *405 ing to show that the defendant was guilty of a fraud as well as of breach of contract, and thus the jurors receive an unfavorable impression which might affect their verdict. There is a practical force in this, generally considered In the present case it has less force than it would have if the facts on which the plaintiff must rely were not under both causes the same, to a great extent. Practically, all the facts would be in evidence under either cause of action.
Order affirmed, with $10 costs, and disbursements to be taxed.